UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No.: 4:23cv10069-Martinez/Sanchez

JAMES R. SANER, II, as Personal
Representative of the Estate and
Survivors of KIRA LYNN SANER,

    Plaintiff,
v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

## JOINT PRETRIAL STIPULATION

Pursuant to the Trial Order [ECF No. 10] and the Order Granting Unopposed Motion for Extension of Certain Pretrial Deadlines and Continuance of Trial [ECF No. 45], Plaintiff, JAMES R. SANER, II, as Personal Representative of the Estate and Survivors of KIRA LYNN SANER ("Saner"), and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), hereby file the following Joint Pretrial Stipulation.

1. **STATEMENT OF THE CASE.**

Kira Saner was involved in a motorized scooter/car accident on October 30, 2021. She was driving her motorized scooter when a car owned and operated by Jeffrey Schnierle collided with her scooter, resulting in her death. Mr. Schnierle's vehicle was insured by State Farm, which provided bodily injury liability coverage with a limit of $25,000 for each injured person. Eleven days after the accident, State Farm offered to Ms. Saner's husband, James Saner II, the $25,000 policy limit to settle his wife's wrongful death claim against Mr. Schnierle. Mr. Saner did not accept State Farm's offer because he believed State Farm had mishandled the attempted settlement of the wrongful death claim. Five months after the accident, Mr. Saner filed a lawsuit against Mr. Schnierle, which eventually resulted in a

judgment against Mr. Schnierle's estate for an amount * in excess of the $25,000 policy limits. Thereafter, Mr. Saner brought this action against State Farm, asserting that State Farm failed to settle Mr. Saner's claims against Mr. Schnierle for an amount within the $25,000 policy limits when it could and should have done so. State Farm denies that it acted in bad faith.

[*Should the Court deny State Farm's motion in limine to exclude reference to the amount of the final judgment, Plaintiff requests the amount of the final judgment be specified in the above statement of the case. State Farm objects to the jury being told about the amount of the final judgment. The amount of the judgment is irrelevant to the issues in this case. The jury should just be told that there was a judgment against the Schnierle estate for an amount in excess of the policy limits.].

2. **BASIS FOR FEDERAL JURISDICTION.**

   Diversity of citizenship pursuant to 28 U.S.C. § 1332.

3. **PLEADINGS RAISING THE ISSUES**
   a. Complaint [ECF No. 1]
   b. Answer [ECF No. 4]

4. **PENDING MOTIONS**
   a. State Farm's Motion to Continue Jury Trial [ECF No. 53] (Motion is opposed)
   b. State Farm's Omnibus Motion in Limine [ECF No. 38] (Motion is opposed)
   c. State Farm's Motion to Bring Certain Electronic Equipment into the Courthouse [ECF No. 42] (Motion is unopposed)
   d. State Farm's Motion to Take Judicial Notice of the Record in the Underlying Action [ECF No. 40] (Motion is unopposed)
   e. State Farm's Motion to Exclude Non-Party Non-Expert Witnesses from Courtroom [ECF No. 41] (Motion is unopposed)
   f. Plaintiff's Omnibus Motion In Limine (ECF No. 39) (Motion is opposed)
   g. Plaintiff's Motion for Use of Electronic Equipment at Trial (ECF No. 43) (Motion is unopposed)

5. **CONCISE STATEMENT OF UNCONTESTED FACTS**
    a. Kira Saner was involved in a motorized scooter/car accident on October 30, 2021, resulting in her death.
    b. Kira Saner was driving a motorized scooter that she owned jointly with her husband, James Saner, II.
    c. The car in the accident was owned and driven by Jeffrey Schnierle, who was intoxicated at the time of the crash.
    d. After the police arrived at the scene of the accident, Mr. Schnierle took his own life while sitting in his vehicle. (ECF No. 1 at p. 2.)
    e. At the time of the accident, State Farm insured Jeffrey Schnierle under an automobile insurance policy. The policy provided $25,000 in bodily injury liability insurance per person.
    f. Kira Saner was survived by her husband, James Saner, II, and her two minor children, Trenton Daniel Saner and Isabella Malanie Borders. (ECF No. 1 at p. 3.)
    g. On November 2, 2021, State Farm was notified of the accident by a friend of Mr. Schnierle (Tracie Sieve), who reported that Mr. Schnierle had stuck a scooter on the roadway and killed himself after the accident.
    h. The next day, on November 3, 2021, State Farm conducted a media search and determined that Ms. Saner had died in the accident. (Log Note 11/3/21 at 3:38 p.m. (ECF No. 22-6).) Later that day, State Farm sent a letter to the Saner family extending State Farm's condolences for the loss of Ms. Saner and stating, "During this period of mourning, we wish to respect your privacy. When you are ready to discuss your claim, please contact us.) (ECF No. 22-9.)
    i. Seven days later, on November 10, 2021, State Farm spoke with Mr. Saner, offered its condolences to Mr. Saner, and offer to settle his wife's wrongful death claim for $25,000 in exchange for a release of Mr. Schnierle. Later that day, State Farm sent a letter to Mr. Saner confirming the settlement offer and enclosing a proposed release, which included Tracy Sieve on the release. The letter indicated that the policy limit was $25,000. No settlement check was included with the letter.

j. Mr. Saner filed a wrongful death lawsuit against Mr. Schnierle on April 6, 2022.

k. Attorney Cleary testified that after the wrongful death action was filed on April 6, 2022, Mr. Saner was not willing to accept the $25,000 policy limits to settle his wife's wrongful death claim. (Saner Dep 110:12 to 111:3 (ECF No. 23-4 at 110:12 to 111:3).)

l. On July 14, 2022, Mr. Saner was appointed as personal representative of his wife's estate. *In Re: The Estate of Saner, Kira L.*, Case No. 22-CP000200-K, Monroe County Probate.

m. On September 27, 2022, an order was entered appointing Donna Schnierle as personal representative of the estate of Mr. Schnierle. *In re: Estate of Schnierle, Jeffrey Allen*, Case Number PRC220003140, Broward County Probate.

n. The parties in the wrongful death action agreed to the entry of Final Judgement against the estate of Mr. Schnierle in an amount in excess of the $25,000 policy limits.*

o. In the claim against State Farm, Plaintiff alleges that State Farm acted in bad faith by failing to settle Ms. Snaer's wrongful death claim against Mr. Schnierle for an amount within the $25,000 policy limits when it could and should have done so. State Farm denies that it acted in bad faith.

[*Should the Court deny State Farm's motion in limine to exclude reference to the amount of the final judgment, Plaintiff requests the amount of the final judgment be specified in the above statement of the case. State Farm objects to the jury being told about the amount of the final judgment. The amount of the judgment is irrelevant to the issues in this case. The jury should just be told that there was a judgment against the Schnierle estate for an amount in excess of the policy limits.].

### 6. Issues of Fact to be Litigated at Trial

Whether State Farm failed to settle Ms. Saner's wrongful death claim for an amount within the $25,000 policy limits when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard to its insured's interests.

7. **CONCISE STATEMENT OF ISSUES OF LAW**

   Whether State Farm had a duty to deliver the settlement check to Mr. Saner (during the time he was not represented by counsel) prior to first receiving an executed release from Mr. Saner.

8. **ISSUES OF LAW THAT ARE AGREED**

   a. Florida substantive law applies.
   b. Federal procedural and evidentiary laws apply.
   c. A records custodian is not required to authenticate admissible documents as to the documents originating from the parties or their lawyers.
   d. If the jury finds in favor of the Plaintiff, the total amount of damages will be an issue for the Court to decide.

9. **EXHIBITS**

   Plaintiff's Exhibit List is attached as Exhibit A.

   Defendant's Exhibit List is attached as Exhibit B.

10. **WITNESS LISTS**

    The parties' witness lists are attached.

11. **ESTIMATED TRIAL TIME**

    Parties estimate the trial will take 4 days.

12. **ATTORNEY'S FEES**

    Neither party has asserted a claim for attorney fees.

Respectfully submitted,

| | |
|---|---|
| DOMNICK CUNNINGHAM & YAFFA | BUTLER WEIHMULLER KATZ CRAIG LLP |
| /s/ Fred Alan Cunningham, Esq.<br>FRED ALAN CUNNINGHAM<br>Florida Bar No. 775487<br>MATTHEW THOMAS CHRIST<br>Florida Bar No. 0119106<br>2401 PGA Boulevard,<br>Suite #140<br>Palm Beach Gardens, FL 33410<br>Telephone: 561-625-6260<br>Facsimile: 561-625-6269<br>Fred@pbglaw.com | /s/ John W. Weihmuller, Esq.<br>JOHN W. WEIHMULLER, ESQ.<br>Florida Bar No.: 0442577<br>jweihmuller@butler.legal<br>BRIAN D. WEBB, ESQ.<br>Florida Bar No.: 0073989<br>bwebb@butler.legal<br>Secondary: khill@butler.legal<br>mmcnaull@butler.legal<br>400 N. Ashley Drive, Suite 2300<br>Tampa, Florida 33602 |

<table>
<tr><td>Matthew@pbglaw.com<br><i>Attorneys for Plaintiff</i></td><td>Telephone:   (813) 281-1900<br>Facsimile:   (813) 281-0900<br><i>Attorneys for Defendant, State Farm Mutual Automobile Insurance Company</i></td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

>Matthew Thomas Christ, Esq.
>Domnick Cunningham & Yaffa
>2401 PGA Boulevard, Suite #140
>Palm Beach Gardens, FL 33410
>Email: MTC@pbglaw.com
>*Attorney for Plaintiff*
>
>Fred Alan Cunningham, Esq.
>Domnick Cunningham & Yaffa
>2401 PGA Boulevard, Suite #140
>Palm Beach Gardens, FL 33410
>Email: Fred@pbglaw.com
>*Attorney for Plaintiff*
>
>Halley Bronson Lewis, IV
>Domnick Cunningham & Yaffa
>2401 PGA Boulevard, Suite #140
>Palm Beach Gardens, FL 33410
>Email: Halley@pbglaw.com
>*Attorney for Plaintiff*

by electronic notification via the CM/ECF system on December 30, 2024.